Submitted on record and briefs November 1, 1990, reversed and remanded for reconsideration February 13, 1991

RONNIE WAGNER HANCOCK,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A63567 (Control), A63962)
(Cases Consolidated)

805 P2d 751

Ronnie W. Hancock, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

In 1975, petitioner was convicted on two counts of murder, and the trial court imposed two consecutive life sentences. In January, 1990, the Board of Parole entered an order setting his prison term at 360 months.[1] He filed a petition for review, challenging the Board's finding[2] that consideration of the consecutive sentences as an aggravating factor is "substantiated by ORS 144.079(1)[a](D)."

The Board concedes that "it was technically inappropriate for the Board to cite the consecutive sentences as an aggravating factor under * * * ORS 144.079(1)(a)(D),"[3] because ORS 144.079(2)(a)[4] precludes subsection (1) from being used to set a prison term, if the crime is murder. The Board argues, however, that the "Board's motivation [for setting petitioner's parole date] is easily deduced." It then outlines a statutory analysis under which it could have arrived at the term that it set.

---

[1] In 1982, petitioner elected to be considered under the matrix system.

[2] Petitioner also challenges the crime severity rating of eight, arguing that there was no evidence of significant planning in the commission of the crime on which to base the rating. There was evidence to support the Board's finding. Petitioner's other assignment of error is moot.

[3] ORS 144.079(1)(a) provides, in part:

"If a prisoner is sentenced to terms of imprisonment that are consecutive to one another and result from crimes committed during the period before the prisoner's first initial parole hearing, or if a prisoner is sentenced to terms of imprisonment that are consecutive to one another and result from crimes committed during the period between any two initial parole hearings, the total term resulting from the crimes committed during each such separate period shall be determined by the State Board of Parole and Post-Prison Supervision as follows, except as provided in subsection (2) of this section, and the total terms so determined shall then be summed as provided in ORS 144.783(1):
"* * * * *

"(D) Finally, the board shall vary the term determined under subparagraph (C) of this paragraph according to rules established under ORS 144.785(1), if the board finds aggravating or mitigating factors in the case. The board shall consider as an aggravating factor the fact that the prisoner has been sentenced to consecutive terms of imprisonment."

[4] ORS 144.079(2)(a) provides:

"The method established by this section for determining, where applicable, the total term resulting from the summing of consecutive sentences shall apply only if none of the crimes involved is:

"(a) Murder, as defined in ORS 163.115 or any aggravated form thereof[.]"

The Board may be correct in its rationale for its decision, but its explanation does not meet the requirement of ORS 144.135 that the order state the bases for its decision. *See Harris v. Board of Parole,* 47 Or App 289, 301, 614 P2d 602, *rev den* 290 Or 157 (1980). The order shows that the Board considered the consecutive sentences as an aggravating factor under ORS 144.079(1)(a)(D). That violates ORS 144.079(2).

Reversed and remanded for reconsideration.